UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN E. HOWARD, GREGORY W. SCOTT,
JOHNNY L. SMITH, TOMAS VAZQUEZ,
JOHN WYCHE, HENRY ROUSE, ARCHIE
ROUSE, AFRO-AMERICAN POLICE
ASSOCIATION, Individually and on
behalf of all other persons similarly situated,

    Plaintiffs,

  -vs-

ELISHA FREEDMAN, CITY MANAGER OF
THE CITY OF ROCHESTER, NEW YORK,
THOMAS HASTINGS, CHIEF OF POLICE
OF THE CITY OF ROCHESTER POLICE
DEPARTMENT, MEMBERS OF THE COUNTY
OF MONROE CIVIL SERVICE COMMISSION,
EXECUTIVE DIRECTOR OF THE COUNTY
OF MONROE CIVIL SERVICE COMMISSION,

    Defendants.

ORDER AND JUDGMENT

74 Civ. 234

---

  The parties hereto having entered into a Stipulation for Settlement of the issues raised in this action; and the Court having ordered that notice of a hearing on the advisability of the settlement be given to the members of the class; and the Court, after said notice and hearing, having approved the terms of the said Stipulation for Settlement,

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

  1. All written examinations which the Monroe County Civil Service Commission, its agents, employees, and successors, hereinafter use to determine eligibility for entry level positions in the Rochester Police Department shall be validated in accordance with the Equal Employment Opportunity Commission's Guidelines on Employee Selection Procedures, 29 C.F.R. §1607.

  2. Until such time as twenty-five percent (25%) of the Rochester Police Department's officers are minority persons, defen-

dants, their agents, employees, and successors, shall make appointments to the entry level position of police officer in the following manner:

    a. After each examination process, the Monroe County Civil Service Committion, its agents, employees, and successors, shall establish an eligibility list of qualified candidates which includes two sublists:

       (1) The first sublist shall consist of all qualified minority candidates, ranked in order of their relative standing on said examination.

       (2) The second sublist shall consist of all qualified nonminority candidates, ranked in order of their relative standing on said examination.

    b. The City of Rochester shall make appointments by selecting two persons from the sublist of qualified minority candidates for every three persons selected from the sublist of qualified nonminority candidates.

    c. In the event that all names of persons on the sublist of qualified minority candidates are exhausted, defendants, their agents, employees, and successors, shall make no further appointments until such time as an examination process is conducted and new eligibility lists and sublists are established, except that upon the exhaustion of the first sublist, the City of Rochester may make up to six appointments from the second sublist, provided that upon the establishment of a new first sublist the first four appointments to the Rochester Police Department thereafter shall be made from said new first sublist, and thereafter appointments shall be made in accordance with paragraph 2(b).

    d. In the event the contingency specified in paragraph 2(c) occurs, all the persons remaining on the second sublist shall be given the option of submitting to the new examination process or of having their total score resulting from the prior examination process carried over and integrated into a new second sublist by being ranked in order of their relative standing with those persons having taken the new examination process. In no event shall a person be carried over more than once, and in no event shall any sublist be effective for more than two years from the date of its original establishment.

3. Until such time as twenty-five percent (25%) of the Rochester Police Department's police officers are minority persons, defendants, their agents, employees, and successors, shall make appointments to any and all training programs including, but not limited to, the Police Cadet Program, in the manner described in paragraphs 2(a) - 2(c) herein; provided that the thirteen (13) individuals who were appointed to the Cadet Program on February 20, 1975, shall be appointed to the Rochester Police Department without regard to the requirements of paragraphs 2(a) - (c).

4. Defendants, their agents, employees, and successors shall make appointments based on the 1974 examination for police officer in the manner described in paragraphs 2(a) - 2(c) herein.

5. Within one hundred and twenty (120) days after entry of an order approving this stipulation, the City of Rochester, its agents, employees, and successors, after consultation with plaintiffs' representatives, shall develop and implement a program for recruitment of minority persons for positions in the Rochester Police Department. The City shall pay the reasonable and necessary expenses of plaintiffs' consultant for travel, accommodation, and meals for one week.

6. Defendants, their agents, employees, and successors shall not reject a minority applicant for a position as police officer in the Rochester Police Department on the basis of a record of arrest or conviction, a background investigation, a psychological test and/or psychiatric interview unless said applicant is informed in writing of the specific reason(s) for the rejection and his right to review. A decision to reject said applicant on the basis of a background investigation, psychological test and/or psychiatric interview shall be subject to review if

the applicant files a written request with the Monroe County Civil Service Commission within thirty (30) days after mailing of the notice of rejection and his right to review. The review shall be conducted by a Review Panel comprised of a representative of the Civil Service Commission, a representative of the Rochester Police Department, and the Affirmative Action Officer of the City of Rochester or his representative.

7. Until such time as twenty-five percent (25%) of the Rochester Police Department's officers are minority persons, the Monroe County Civil Service Commission, its agents, employees, and successors shall file the following documents with the Clerk of the United States District Court for the Western District of New York on or before June 1 of each year:

    (a) the written examinations which are used to determine eligibility for a position of police officer; and

    (b) the validation studies of the written examinations described in paragraph 1; and

    (c) an annual report describing:

        (1) the number of nonminority and minority applicants for the position of police officer;

        (2) the number of nonminority and minority persons appointed to the position of police officer;

        (3) the number of nonminority and minority persons who are rejected at each step in the selection process for the position of police officer; and

        (4) new selection procedures or devices.

8. The City of Rochester and the County of Monroe shall each pay plaintiffs, John E. Howard, Gregory W. Scott, Johnny L. Smith, Tomás Vazquez, John Wyche, and Henry Rouse, the sum of two-hundred fifty dollars ($250.00) each upon receipt from

each plaintiff of a release in full and complete satisfaction and settlement of any and all claims of said plaintiffs arising from defendants' past employment practices relating to employment of persons in the Rochester Police Department.

9. The City of Rochester and the County of Monroe shall each pay plaintiffs' attorneys, the Monroe County Legal Assistance Corporation, the sum of three thousand dollars ($3,000.00) as reimbursement for the costs and attorneys' fees for this litigation.

10. (a) The term "minority" as used herein shall refer to a person who is black, Spanish-surnamed, or a member of some other nonwhite minority group. (b) The term "nonminority" as used herein shall refer to a person who is not a minority person as defined in paragraph 10(a).

11. The hiring mechanism set forth in paragraphs 2 and 3 is a temporary measure pursuant to federal law designed to remedy the racially disproportionate impact of prior employment practices. The hiring mechanism set forth in paragraphs 2 and 3 shall remain in effect only until such time as twenty-five percent (25%) of the Rochester Police Department's officers are minority persons.

12. The United States District Court for the Western District of New York shall continue to have jurisdiction of this matter to entertain an application by any party hereto, made upon papers served upon the other parties hereto at least 10 days prior to the return date thereof, seeking relief in the form of interpretation, application, adjustment or termination of any of the terms of this Stipulation on the grounds of inequity or impracticability.

13. Immediately after the Court has made and entered its Order approving the terms of this Stipulation, the parties hereto shall join in an appropriate application to the New York State Division of Human Rights to dismiss with prejudice all proceedings pending before it regarding the same subject matter brought by any or all of the named plaintiffs herein.

14. This action is hereby dismissed with prejudice to the named plaintiffs and the class of persons consisting of all black, Spanish-surnamed, and other nonwhite persons who, prior to the date of this Order have applied for employment as a police officer in the Rochester Police Department and have been rejected for any reason at any step of the examination process.

Dated: May 12, 1975

/s/ Harold P. Burke
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN E. HOWARD, GREGORY W. SCOTT,
et al.

        -vs-                          Civ- 74-234

ELISHA FREEDMAN, City Manager of
the City of Rochester, New York, et al.

---

SIR:   Take notice of an ORDER / and JUDGMENT of which the within is a copy, duly granted in the within entitled action on the __12th__ day of __May, 1975__, and entered in the Office of the Clerk of the United States District Court, Western District of New York, on the __12th__ day of __May, 1975__.

Dated: Buffalo, New York

       May 15, 1975

                                            JOHN K. ADAMS, Clerk
                                            U.S. District Court
                                            U.S. Courthouse
                                            Buffalo, New York 14202

TO:   Daan Braveman, Esq.
        Attorney for Plaintiff

TO:   Charles Valenza, Esq.
        John D. Doyle, Esq.
        Attorney for Defendant