UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN E. HOWARD, GREGORY W. SCOTT,
JOHNNY L. SMITH, TOMAS VAZQUEZ, JOHN
WYCHE, HENRY ROUSE, ARCHIE ROUSE,
AFRO-AMERICAN POLICE ASSOCIATION,
Individually and on behalf of all other
persons similarly situated,

               Plaintiffs,

-vs-                                           ORDER

ELISHA FREEDMAN, CITY MANAGER OF THE        74 Civ. 234
CITY OF ROCHESTER, NEW YORK, THOMAS
HASTINGS, CHIEF OF POLICE OF THE CITY
OF ROCHESTER POLICE DEPARTMENT, MEMBERS
OF THE COUNTY OF MONROE CIVIL SERVICE
COMMISSION, EXECUTIVE DIRECTOR OF THE
COUNTY OF MONROE CIVIL SERVICE COMMISSION,

               Defendants.

---

    Louis N. Kash, Corporation Counsel of the City of Rochester, on behalf of Thomas P. Ryan, Jr., Mayor of the City of Rochester, Roy A. Irving, Chief of Police of the City of Rochester, the members of the Rochester Civil Service Commission, and Wendell Bellamy, Executive Secretary of the Rochester Civil Service Commission, as successors in authority and jurisdiction to all the original Defendants herein, has moved this Court for modification and extension of an Order and Judgment of this Court dated May 12, 1975.

    NOW, THEREFORE, upon the Affidavits of Louis N. Kash, Roy A. Irving and Wendell Bellamy, and the exhibits attached thereto, and the responding affidavit of Lawrence J. Andolina, and this matter having been heard at a motion term of this Court before the Hon. Michael A. Telesca, United States District Judge, on the 29th day of April, 1992, at 9:00 A.M., at the Federal Courthouse, 100 State Street, Rochester, New York and proof of service and

publication in accordance with the Order to Show Cause herein having previously been filed with the Court Clerk, and Louis N. Kash, Corporation Counsel, having appeared for the moving parties and Steven L. Brown, Project Director of the Greater Upstate Law Project, having appeared on behalf of the plaintiff class that was certified in this action and Lawrence J. Andolina having appeared for the Rochester Police Locust Club, Inc., and upon consent of the parties hereto, it is

ORDERED that the Order and Judgment of the Hon. Harold P. Burke, United States District Judge, dated May 12, 1975 (hereinafter referred to as the "Consent Decree"), is hereby modified as follows:

1.  The introductory phrase "Until such time as twenty-five percent (25%) of the Rochester Police Department's officers are minority persons," is hereby deleted from Paragraphs 2, 3 and 7 of the Consent Decree, and the second sentence of Paragraph 11 of the Consent Decree is hereby deleted.

2.  Paragraphs 2(b) and 2(c) are hereby amended to read in their entirety as follows:

    b.  The City of Rochester shall make appointments of recruits and lateral transfers to the Rochester Police Department by selecting one qualified minority candidate for every three qualified nonminority candidates.  In addition, the number of minority candidates selected for each recruit class shall be increased to make up the difference, if any, between the number of minority candidates selected for the last recruit class who attrited prior to permanent appointment minus the number of minority candidates who would have attrited if the attrition rate of nonminority candidates for that last class had applied to the entering number of minority candidates for

that last class. For the purposes of this paragraph, the phrase "last recruit class" shall mean the most recent recruit class that has proceeded to permanent appointment. For the purposes of this paragraph, the phrase "the number of minority candidates who would have attrited" shall mean the whole number derived by rounding up any number containing a fraction that is equal to or greater than five-tenths and by rounding down any number containing a fraction that is less than five-tenths. If the number of minority candidates selected for any recruit class is less than the number required in this paragraph, for any reason other than exhaustion of the minority sublist, the deficiency shall be made up in the next ensuing recruit class, or within twelve months, whichever is later. If the number of minority candidates selected for any exclusively lateral class is less than the number required in the first sentence of this paragraph, the deficiency shall be made up in the next ensuing recruit class.

c. In the event that all names of persons on the sublist of qualified minority candidates are exhausted prior to the time a new examination process is conducted and new eligibility lists and sublists are established, the City of Rochester may make up to six (6) appointments from the nonminority sublist, provided that upon the establishment of a new minority sublist the first two (2) appointments to the Rochester Police Department thereafter shall be made from said new minority sublist, and thereafter appointments shall be made in

accordance with paragraph 2(b). Should the City require that more than six (6) appointments be made when there are no qualified candidates left on the minority sublist, application therefor to this Court upon notice to all parties shall be made.

3. The Consent Decree is hereby amended by deleting the words "Monroe County Civil Service Commission" in each place they appear therein and by inserting in their place the words "Rochester Civil Service Commission".

4. Paragraph 10(a) of said Consent Decree is hereby amended by deleting the words "Spanish-surnamed" where they appear in the definition of the term "minority" contained therein, and by inserting in their place the word "hispanic".

5. The hiring mechanism set forth herein is a temporary measure pursuant to Federal Law designed to remedy the disproportionately low representation of minorities in the Rochester Police Department due to prior employment practices. This hiring mechanism shall take effect with respect to the first class of police officer candidates hired after the time that twenty-five percent (25%) of the Rochester Police Department's police officers are minority persons, and shall remain in effect until further order of this Court. Upon the fifth anniversary of this Order, this Order shall be re-evaluated by the parties and shall be subject to review by the Court upon motion by any of the parties and notice to each of the other parties, at which time a determination shall be made as to whether the Order should be modified, continued or terminated.

6. The City shall continue to submit the annual reports required in paragraph 7 of the Consent Decree. In addition, within sixty (60) days of the date of this Order, the City shall submit to this Court a report which identifies, to the extent feasible, the reasons for the attrition rate of minority candidates during the academy, field training and probationary periods.

DATED: Rochester, New York
       May 28, 1992

*Michael A. Telesca*
MICHAEL A. TELESCA
United States District Judge

*[Handwritten annotations in margin: "OK as to form 5/26/92"; "OK as to form 5/14/92 LJA"; "ok as to form LNK 5/22/92"]*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN E. HOWARD, et al,

                   Plaintiffs,

    - vs -                                      74-CV-234

ELISHA FREEDMAN, et al.,

                   Defendants.
_____

      Take notice of an Order, of which the within is a copy, duly granted in the within entitled action on the 27th day of May, 1992 and entered in the office of the Clerk of the United States District Court, Western District of New York, on the 28th day of May, 1992.

Dated:   Rochester, New York

       May 29, 1992

                                      Clerk
                                      United States District Court
                                      Western District of New York
                                      282 U.S. Courthouse
                                      Rochester, New York 14614

TO:  L. Andolina, Esq.
     J. Eichner, Esq.
     S. Brown, Esq.